Dennis D. GEE, Appellant,

v.

STATE of Indiana, Appellee.

No. 2–182A12.

Court of Appeals of Indiana,
Second District.

Oct. 19, 1983.

Jack Quirk, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Appellant, Dennis Gee (Gee), appeals revocation of his probation. He presents the following issue for review:

Whether the evidence was sufficient to support the trial court's decision. We reverse.

On June 10, 1981, Gee was convicted of receiving stolen property, a Class D felony. He was sentenced to two years incarceration and fined $100 plus costs. The sentence was suspended on the condition that Gee submit to two years probation and serve thirty consecutive weekends in the county jail. Apparently, on one such weekend, when Gee reported into jail and a strip-search was conducted, the jailer discovered pills taped to Gee's leg beneath his underwear. Gee was subsequently arrested and charged with possession of a controlled substance. Although the record reflects that no petition for revocation was ever filed,[1] this incident triggered a revocation hearing set upon the court's own motion, whereupon Gee's probation was revoked and the original sentence reinstated.

A trial court is authorized to revoke a suspended sentence in two situations:

1. When the defendant violates the specific terms of his probation I.C. 35–7–2–2(f) (Burns Code Ed.1979) or

2. When the defendant commits another crime. I.C. 35–7–1–1 (Burns Code

---

1. The trial court initiated the probation revocation proceeding "after having been advised of certain incidents at the County Jail." Record at 72. I.C. 35–7–2–2 (Burns Code Ed.1979) clearly contemplates a petition, which enumerates the alleged probation violations, be filed prior to a revocation hearing. *Wilson v. State* (2d Dist.1980) Ind.App., 403 N.E.2d 1104, 1106, n. 2. We need not consider whether failure to initiate proceedings properly might be reversible error, for Gee has not raised this issue on appeal.

Ed.1979)[2] *Shumaker v. State* (3d Dist.1982) Ind.App., 431 N.E.2d 862, 864, *trans. denied. Hoffa v. State* (1977) 267 Ind. 133, 368 N.E.2d 250.

The precise grounds for revoking Gee's probation are unclear. A petition was not filed, the trial court did not set forth the reasons for its decision,[3] and the parties attack or defend on somewhat unrelated bases.

At the revocation hearing, the State argued, without ever referring to the commission of a crime, that Gee violated the terms of his probation by failing to cooperate with jail officials. On the other hand, the State, in its appellate brief, contends only that Gee committed another crime, making no reference to a violation of other terms of his probation. Finally, Gee asserts that the evidence was insufficient to revoke his probation on either ground. We will address both circumstances upon which probation revocation may have been justified.

### I.

Gee contends that there was no showing he violated any rule or condition of his probation. When presented with a sufficiency of the evidence in question, this Court will not reweigh the evidence nor judge the credibility of witnesses. *Monroe v. State* (2d Dist.1981) Ind.App., 419 N.E.2d 831. Instead, we look at the evidence most favorable to the State and any reasonable inference to be drawn from it to determine whether there is substantial evidence of probative value to support the trial court's decision. *Brown v. State* (1979) 271 Ind. 129, 390 N.E.2d 1000. The State must prove a violation of probation by a preponderance of the evidence. I.C. 35–7–2–2 (Burns Code Ed.1979).

One of the terms of Gee's probation was that he serve 30 consecutive weekends in the county jail. At the revocation hearing, the State maintained Gee had violated that condition by failing to "do whatever he's supposed to" when checking into the jail, and concealing pills and information from jail officials. Record at 67. Apparently, the State believed serving weekends in jail implicitly required Gee to follow the jail's rules and regulations.[4] However, we are not privy to any such rules and regulations as may have been in effect at the time.

Larry Neal, (Neal), the State's sole witness, testified that a strip-search of all incoming prisoners is a routine procedure at the Delaware County Jail. During one of these searches of Gee, Neal found pills, apparently taped to Gee's leg beneath his underwear. Gee's explanation, according to a police report the trial court read into the record, was that the Red Cross had given him the pills because he had been exposed to tuberculosis. Gee, however, prior to the search, had filled out a routine screening form denying he had tuberculosis or was taking medication.[5]

---

**2.** This statute was amended in 1982, but the provision applicable here has not been changed.

**3.** In *Jaynes v. State* (1st Dist.1982) Ind.App., 434 N.E.2d 923, the First District held that the trial court must give a written reason for revoking a suspended sentence. The record here shows the trial court merely held that evidence had been submitted and probation should be revoked. We need not consider this error because it is not dispositive, and Gee has not raised it on appeal.

**4.** We do not know if the terms of Gee's probation specifically imposed a duty to follow the rules of the jail. Although the State contends that Gee was given written notice of the conditions of probation, that notice is not a part of the record. The only evidence of the terms of probation are those general ones found in the transcript of the sentencing hearing. Furthermore, while "good behavior" is always a condition of a defendant's probation, that term has been defined as *lawful* conduct. *Shumaker v. State, supra,* 431 N.E.2d at 864; *Hoffa v. State, supra,* 267 Ind. 133, 368 N.E.2d at 252. Therefore, as the State seems to allege, the condition of "good behavior" requires Gee not to engage in unlawful or criminal activity.

**5.** At the revocation hearing, the screening form was marked as a State exhibit for purposes of identification by the State's witness. (It was never formally admitted into evidence.) On appeal, Gee notes that the witness testifying did not fill out the form nor did he observe who had. Apparently he is challenging the reliability of this piece of evidence. Even if Gee's argument were well-developed, we need not

■ There is no evidence that concealment of pills or any of Gee's conduct violated a jail regulation. Although we cannot conceive of any jail permitting such activity and although common sense points to the probability that there was such a rule, the fact is, we do not know, for no evidence was ever submitted to that effect. There is an obligation upon the State to prove its case. No such proof was adduced here. No matter how well founded our surmise might be concerning the existence, vel non, of jail rules and Gee's violation thereof, it remains surmise. We cannot affirm upon such surmise.

## II.

The State contends that a preponderance of the evidence established that Gee had committed another crime, i.e. possession of a controlled substance. The state relies on the fact that as a result of the incident, Gee had been arrested for possession of a controlled substance and that related charges were pending in another county court.[6]

■ It is true, as Gee argues, that an arrest standing alone does not support the revocation of probation. *Hoffa v. State, supra,* 267 Ind. 133, 368 N.E.2d at 252. However if the trial judge, after a hearing, finds the arrest was reasonable and there is probable cause to believe the defendant had violated a criminal law, revocation will be sustained. *Id.*

consider it because Gee did not raise this objection at the hearing, and thereby waives the issue on appeal. *Brown v. State* (1975) 264 Ind. 40, 338 N.E.2d 498. Although Gee did object to testimony concerning the contents of the paper, he did so on the grounds that the form had not been admitted into evidence, not because the witness' identification was improper. Furthermore, Gee did not object to the trial court's reading the police report, which summarized the screening form, into the record.

**6.** We feel compelled at this point to note that the trial court and parties involved in this hearing failed to follow correct procedure throughout the proceedings. The State based its closing argument on evidence that had not been admitted into evidence. *See* f.n. 5, *supra.*

■ Gee argues that there was no evidence as to the nature of the pills found on Gee; therefore, the court could not reasonably have believed Gee possessed them unlawfully. This argument must fail because at the revocation hearing the trial judge, without objection from Gee, read into the record a police report which stated that the pills were Mellaril, a tranquilizer. In this case, however, that evidence does not support revocation because Mellaril is not a controlled substance.

Possession of a controlled substance is defined as the act of possessing, without a valid prescription, a controlled substance, that is, a "drug, substance, or immediate precursor listed in schedule I, II, III, IV, or V of I.C. 35-48-2." I.C. 35-48-1-1 (Burns Code Ed.1979) and I.C. 35-48-4-7 (Burns Code Ed.1979). Neither Mellaril, its generic name, Thioridazine, nor an immediate precursor is listed in any of the schedules I-V inclusive listed in I.C. 35-48-2-1 et seq. Therefore, possession of Mellaril is not a criminal act.

■ Although Gee does not raise the issue that possession of Mellaril is a nonexistent crime, his arguments have required us to consider the criminal charge. As the Indiana Supreme Court has said: "Conviction of a non-existent crime is fundamental error, *Young v. State* (1967) 249 Ind. 286, 231 N.E.2d 797, which error, if apparent on the face of the record, cannot be ignored by the reviewing court." *Moon v. State* (1977) 267 Ind. 27, 366 N.E.2d 1168. Just as one

Likewise, the State's evidence of arrest and pending charges consists of conversation between the State's representative and the trial judge during the course of the hearing. The judge noted that apparently an arrest had been made, relying presumably on the police record she read into evidence. Yet, she did not read that portion of the report into the record. The transcript indicates that the State had possession of an information filed in another county court, and the court asked for information regarding the disposition of that case. That information document, however, was never submitted into evidence, nor was an arrest warrant, an affidavit, or any other concrete document. Failure to follow procedure is improper, but we need not consider the effect of this error in this appeal because we reverse on other grounds.

cannot be convicted of a non-existent crime, the trial court could not find the arrest reasonable nor have probable cause to believe Gee had committed a crime, when in fact there was no crime. A trial judge must take judicial notice of statutes. *Russell v. State* (3d Dist.1979) Ind.App., 395 N.E.2d 791, *trans. denied.* In light of these factors, revocation of a suspended sentence on the ground that Gee had committed a crime was an abuse of the trial court's discretion and cannot be sustained.

Therefore, notwithstanding the arguably inadequate presentation of a defense to the revocation of probation and a similar presentation upon appeal, we must nevertheless set aside the revocation.

The judgment is reversed.

BUCHANAN, C.J., and SHIELDS, J., concur.