Shane A. WEATHERLY, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee.

No. 18A02–8909–CR–496.

Court of Appeals of Indiana, Second District.

Dec. 31, 1990.

---

Alan K. Wilson, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Shane A. Weatherly (Weatherly) appeals the denial of his Belated Motion to Correct Errors which was addressed to the court's determination, entered September 17, 1985, to revoke probation and order execution of a suspended sentence.

We reverse.

Weatherly pled guilty to criminal conversion, a class A misdemeanor, on January 17, 1985. On February 28, 1985, Weatherly received a one year sentence, all suspended except for ten days which was to be served through the Alternate Sentence Service Program. The court then placed Weatherly on supervised probation for one year on the condition that Weatherly actively seek employment.

On September 16, 1985, the probation officer filed a petition to revoke Weatherly's probation. The petition alleged the following: on February 21, 1985, Weatherly had been charged with burglary, a class B felony, and had been convicted of that crime on April 4, 1985; on August 12, 1985 new burglary charges had been filed against Weatherly and were pending; and Weatherly had failed to complete the required ten days alternative sentence. After a hearing, the court revoked Weatherly's probation and ordered Weatherly to serve the one year sentence which had previously been suspended.

Weatherly presents two issues for our review. However, because we reverse, we address only the following issue:

Whether there was sufficient evidence to support the court's revocation determination.

The transcript of the revocation hearing reflects that no witnesses, except Weatherly, were sworn to testify, and no evidence, as such, was presented in support of the allegations contained in the revocation petition. The court merely recapped the proceedings which had occurred to date and restated the allegations contained in the petition. The court then asked the probation officer if she had anything to add regarding the petition, to which the probation officer responded, "Shane completed five of the ten days alternative service." Record at 107. Weatherly was then sworn and asked by the court if he understood that he was in court on a petition to revoke his probation. He was also asked if there was anything he wished to say. His response was "No, ma'am." Record at 110. The court then revoked Weatherly's probation.

Weatherly contends that the probation revocation was unsupported by evidence of record. We agree.

■ The procedure for revoking probation is governed by Ind.Code 35–38–2–3. At the time Weatherly's probation was revoked, I.C. 35–38–2–3 provided, in relevant part:

"(c) The court shall conduct a hearing concerning the alleged violation....

(d) The state must prove the violation by a preponderance of the evidence. The evidence shall be presented in open court. The person is entitled to confrontation, cross-examination, and representation by counsel." (Burn's Code Ed.Repl.1985).[1]

The statute clearly contemplates an evidentiary hearing. In addition, a person on probation is entitled to certain due process rights, including, among other rights, disclosure of the evidence against him. *Dalton v. State* (1990) 2d Dist.Ind.App., 560 N.E.2d 558. An informal conversation between the judge and the parties present is insufficient under both the statute and due process concepts. *Id.*

■ In the present case, the petition for revocation of probation alleged three potential grounds for revocation. The first allegation was that Weatherly had been convicted in April, 1985, as a result of a burglary committed February 21, 1985. However, Weatherly was not placed on probation until February 28, 1985. It is clear that a probationer must refrain from unlawful conduct. *Hoffa v. State* (1977) 267 Ind. 133, 368 N.E.2d 250; *Shumaker v. State* (1982) 3d Dist.Ind.App., 431 N.E.2d 862. However, a probationer cannot refrain from unlawful conduct which has already been committed. Moreover, no evidence was presented to support either the charge of burglary or the subsequent conviction.

■ Nor was any evidence presented to support the allegation that new burglary charges were filed in August, 1985. We have previously stated that an arrest standing alone will not support the revocation of probation. *Gee v. State* (1983) 2d Dist.Ind. App., 454 N.E.2d 1265. Evidence must be presented from which the trial judge could reasonably conclude that the arrest was appropriate and that there is probable cause to believe the defendant violated a criminal law before the revocation may be sustained. *Id.*

■ Finally, the petition alleged that Weatherly had failed to complete the ten days alternative sentence. The only statement in support of this allegation was the probation officer's unsworn statement that Weatherly had completed five of the ten days ordered. Even if we treat the probation officer's statement as "evidence"[2], the statement alone is insufficient to show that Weatherly had in fact violated a condition of his probation.

Weatherly was placed on probation for one year, beginning February 28, 1985. The petition to revoke probation was filed September 16, 1985. Although Weatherly's probation was "supervised", there was no evidence concerning the time frame within which Weatherly was to complete the alternative sentence. Absent specification, it would not be unreasonable for a probationer to assume he had until the end of his probationary period to comply. In *White v. State* (1990) Ind., 560 N.E.2d 45, our Supreme Court held that if the probation officer, as opposed to the court, specifies a time frame for completion of a condition of probation, the probationer must comply with those terms or be subject to having his probation revoked for failure to comply. Here, however, there is no evidence that Weatherly was directed by either the court or the probation officer to fulfill the entire ten days alternative sentence by a particular date.

---

**1.** Although I.C. 35–38–2–3 has since been amended, the quoted provisions have been retained and are found in subsections (d) and (e) of the current statute.

**2.** Generally, a witness must be placed under oath prior to testifying. Ind.Code 34–1–14–2 (Burns Code Ed.Repl.1986). However, the failure to timely object to the testimony will result in a waiver of the issue. *Sweet v. State* (1986) Ind., 498 N.E.2d 924.

The meagre evidence in this case was insufficient to support the court's decision to revoke Weatherly's probation on any of the grounds alleged.

The judgment is reversed and the cause is remanded with instructions that Weatherly's Belated Motion to Correct Errors be granted.

SHIELDS, P.J., and GARRARD, J., concur.