**Paul DAVIS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–0907–CR–379.**

Court of Appeals of Indiana.

Nov. 17, 2009.

John (Jack) Crawford, Crawford & Devane, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Paul Davis appeals the revocation of his probation.

We reverse and remand.

### ISSUE

Whether the trial court abused its discretion in revoking Davis' probation.

### FACTS

On October 11, 2002, the State charged Davis with six counts of dealing in methamphetamine as a class A felony; two counts of possession of methamphetamine as a class C felony; one count of possession of a controlled substance as a class D felony; and one count of resisting law enforcement as a class D felony. On or about December 11, 2003, Davis and the State entered into a plea agreement, whereby Davis agreed to plead guilty to Count I, dealing in methamphetamine as a class A felony; and Count III, possession of methamphetamine as a class C felony. In exchange, the State agreed to dismiss the remaining charges. As to sentencing, the parties agreed to an executed sentence of six to twenty years on Count I and an executed sentence of no more than six years on Count II, with the sentences to run concurrently. The trial court accepted the plea agreement on January 6, 2004.

The trial court held a sentencing hearing on February 10, 2004. On Count I, it sentenced Davis to twenty years with eight years suspended. On Count II, it sentenced Davis to six years, to run concurrently with Count I. The trial court also ordered Davis to serve five years on probation. On February 8, 2005, the trial court modified Davis' sentence, suspending fourteen years of his twenty year sentence on Count I.

On October 29, 2007, the State filed a notice of probation violation, asserting that Davis had been arrested and charged with class C felony battery on or about August 20, 2007, under Cause Number 49G05–0708–FC–171545 ("Cause No. 545") and that a probable cause warrant had been issued. The State also alleged that Davis had missed three appointments with his probation officer. The State filed an amended notice on December 4, 2008, further asserting that Davis left the State of Indiana without permission in July of 2008 and that an initial hearing in Cause No. 545 had been held.

The trial court held a probation revocation hearing on December 4, 2008, during which the trial court and Davis' counsel engaged in the following colloquy:

[Court]: All right, we'll show the defendant appears on a violation of probation. And allegations are that he's got—I don't know what he's got.

[Counsel]: I'll make it short for you Judge. We'll admit the new arrest under [Cause No. 545]. Admit that he was arrested only. The agreement is twelve years DOC contingent also upon the fact that if he beats that Court Five case, we would be allowed to come back to have the twelve years revisited.

[Court]: Yes?

[Counsel]: That is the agreement. The agreement is revisited not automatically changed.

. . . .

[Court]: All right, we'll show twelve years. Probation revoked. Twelve years. . . . The Court will maintain jurisdiction depending on the outcome of the other case.

(Tr. 4–5).[1] Thus, the trial court revoked Davis' probation and imposed a sentence of twelve years. With the exception of a brief discussion regarding credit time, the above exchange constituted the entire hearing.

Davis filed a motion to correct error on January 6, 2009. Following a hearing on March 26, 2009, the trial court denied Davis' motion.

### DECISION

 Davis asserts that his probation revocation hearing did not comport with due process. Specifically, he argues that the trial court did not find the underlying arrest to be reasonable and supported by probable cause.[2] Davis' Br. at 5.

 The decision to revoke probation is within the trial court's sole discretion. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). Thus, we review that decision for an abuse of discretion. *Id.* "On review, we consider only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of witnesses." *Id.* We will affirm the trial court's decision if there is substantial evidence of probative value to support the trial court's decision that a defendant has violated any terms of probation. *Id.* at 639–40.

Although probationers are not entitled to the full array of constitutional rights afforded defendants at trial, "the Due Process Clause of the Fourteenth Amendment [does] impose [ ] procedural and substantive limits on the revocation of the conditional liberty created by probation." The minimum requirements of due process that inure to a probationer at a revocation hearing include: (a) written notice of the claimed violations of probation; (b) disclosure of the evidence against him; (c) an opportunity to ·be heard and present evidence; (d) the right to confront and cross-examine adverse witnesses; and (e) a neutral and detached hearing body.

*Id.* at 640 (internal citations omitted).

 Probation revocation is a two-step process. *Id.* "First, the court must make a factual determination that a violation of a condition of probation actually occurred." *Id.* If a violation is proven, the trial court then must determine if the violation warrants revocation. *Id.* Indiana has codified the due process requirements in Indiana Code section 35–38–2–3, which requires that an evidentiary hearing be held on the revocation, during which the probationer is "entitled to confrontation, cross-examination, and representation by counsel." Ind.Code § 35–38–2–3(e). When a probationer admits to a violation, however, the procedural due process safeguards and an evidentiary hearing are unnecessary. *Woods*, 892 N.E.2d at 640. "Instead, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation." *Id.*

---

1. The transcript from the probation revocation hearing submitted as an exhibit during a hearing on Davis' subsequent motion to correct error is slightly different. According to that transcript, Davis' counsel conceded that he would "admit to the arrest only." (Ex. A).

2. We note that Davis made no objections during his hearing. Generally, an issue is waived and may not be raised on appeal if it is not objected to at trial. *Tillberry v. State*, 895 N.E.2d 411, 415 n. 1 (Ind.Ct.App.2008). " 'However, we may bypass an error that a party procedurally defaults when we believe that the error is plain or fundamental. To qualify as 'fundamental error,' the error must be a substantial blatant violation of basic principles rendering the trial unfair to the defendant.' " *Id.* (quoting *Townsend v. State*, 632 N.E.2d 727, 730 (Ind.1994)). Deprivation of due process is fundamental error. *Id.*

■ Here, Davis' counsel admitted to the arrest under Cause No. 545 as a basis for revoking Davis' probation. An arrest standing alone, however, will not support the revocation of probation. *Tillberry*, 895 N.E.2d at 417. " 'Evidence must be presented from which the trial judge could reasonably conclude that the arrest was appropriate and that there is probable cause to believe the defendant violated a criminal law before the revocation may be sustained.' " *Id.* (quoting *Weatherly v. State*, 564 N.E.2d 350, 352 (Ind.Ct.App. 1990)).

In *Martin v. State*, 813 N.E.2d 388 (Ind. Ct.App.2004), the trial court revoked Martin's probation after he admitted to having been arrested and that charges were pending against him. The State, however, presented no evidence or the probable cause affidavit for the charges against Martin prior to the trial court finding that he had violated his probation. Once the trial court made its findings, the State introduced the probable cause affidavit into evidence, and it was read into the record during the sanctions part of the hearing.

Martin later appealed, asserting that the evidence was insufficient to support the trial court's revocation of his probation. This Court agreed, finding "there was no evidence submitted at the probation revocation hearing ... from which the trial court could have found that Martin's arrest was reasonable and that there was probable cause for belief that Martin violated a criminal law." 813 N.E.2d at 391. Determining that the State could not "rely upon Martin's admission that he was arrested and that charges had been filed against him to prove by a preponderance of evidence that Martin violated his probation by committing another criminal offense," this Court concluded that there was insufficient evidence to support Martin's probation revocation. *Id.*

■ We find this case analogous to *Martin*. Although the State alleged several probation violations, the trial court apparently was unaware as to the specific allegations, and Davis' counsel "[a]dmit[ted] that he was arrested only." (Tr. 4). Davis' counsel did not admit that there was probable cause for the charge against Davis; furthermore, the State provided no evidence that Davis had committed a criminal offense. As there was only an admission to an arrest without a probable cause finding and neither party entered the probable cause affidavit into evidence, we find that the probation revocation hearing denied Davis minimum due process. Furthermore, we cannot say that the issuance of a probable cause affidavit in the underlying case satisfied the probable cause requirements. *See id.* at 391 n. 4 (finding the evidence was insufficient where the "probable cause affidavit was entered into evidence and read into the record during the sanctions part of the hearing, only after the trial court had made the finding that Martin had admitted to the alleged probation violation").

The State, however, argues that Davis was not entitled to due process rights as he admitted to violating his probation. We acknowledge that an admission of a probation violation by a probationer's attorney is binding upon the probationer. *See Parker v. State*, 676 N.E.2d 1083, 1086 (Ind.Ct.App.1997). Where, however, the admission itself is insufficient to support a probation revocation, we cannot agree it renders the procedural due process safeguards and evidentiary hearing unnecessary. *Cf. id.* (finding no violation of Parker's rights despite no evidence having been presented as his counsel admitted that he had failed to report to the probation department as required). Given that Davis' probation revocation hearing did not comport with due process, and there-

fore, insufficient evidence was presented to support the revocation, we reverse the revocation of Davis' probation.

Reversed and remanded.

ROBB, J., concurs.

MATHIAS, J., dissents with separate opinion.

MATHIAS, J., dissenting.

I respectfully dissent from the majority's conclusion that Davis's probation revocation hearing did not comport with due process. I acknowledge that an arrest, standing alone, will not support the revocation of probation. *Tillberry,* 895 N.E.2d at 417; *Martin,* 813 N.E.2d at 390. I also acknowledge that Davis's counsel did state that he "admit[ted] that [Davis] was arrested only." Tr. p. 4. If that were all that Davis admitted, I would agree with the majority that this would be insufficient to support the trial court's decision to revoke probation. *See Martin,* 813 N.E.2d at 391 (concluding that probationer's admission that he had been arrested was, by itself, insufficient to support revocation of probation).

However, immediately after this admission, Davis's counsel also stated, *"The agreement is twelve years DOC contingent also upon the fact that if [Davis] beats that Court five case, we would be allowed to come back to have the twelve years revisited."* Tr. p. 4 (emphasis added). The State then confirmed this agreement, by informing the trial court, "That is the agreement." *Id.* Only then did the trial court accept the parties' agreement and revoke Davis's probation.

As the majority correctly notes, when a probationer admits to a violation, the procedural due process safeguards are unnecessary. *See Woods,* 892 N.E.2d at 640. Here, Davis did not simply admit that he had been arrested; it is apparent from the references to "the agreement" between Davis and the State that he also agreed that his probation would be revoked, while reserving the right to "revisit" the issue if he was acquitted on the other pending charges.

In this sense, the present case is distinguishable from *Martin,* relied upon by the majority. In *Martin,* the probationer admitted only to the historical fact that he had been arrested. *See* 813 N.E.2d at 390 (wherein probationer stated, "I mean, if it's just a violation just getting arrested obviously I violated [be]cause I'm in jail."). Here, Davis not only admitted to the historical fact that he had been arrested, his counsel also agreed that his probation would be revoked. Although Davis did not personally speak during the revocation hearing, his counsel's admission is binding on him. *See Parker v. State,* 676 N.E.2d 1083, 1086 (Ind.Ct.App.1997) (affirming revocation of probation where probationer admitted to violation through counsel).

Under these facts and circumstances, I would hold that Davis was not denied due process and affirm the trial court's decision to revoke his probation.