Kimberly HEATON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–1104–CR–404.

Court of Appeals of Indiana.

Dec. 28, 2011.

Rehearing Denied March 30, 2012.

Jill M. Acklin, Acklin Law Office, LLC, Westfield, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Kimberly Heaton appeals the revocation of her probation and the trial court's order that she serve eighteen months of her previously-suspended sentence in the Indiana Department of Correction. She contends that the trial court abused its discretion in imposing the eighteen-month sentence by both using the incorrect legal standard to determine if she had committed another offense and by using rules that were vague as to what constitutes a change of address. We hold that the terms of probation regarding Heaton's address were not vague, but that the trial court did abuse its discretion by using the incorrect legal standard in determining if Heaton committed another offense. We therefore reverse and remand to the trial court to use the correct legal standard to determine whether Heaton violated her probation by committing a new offense and resentence her in light of the new findings.

### Facts and Procedural History

On August 3, 3009, Heaton pled guilty to Class D felony receiving stolen property. In September 2009, the trial court sentenced Heaton to thirty months, with six months executed and twenty-four months suspended to probation. Appellant's App. p. 18.

As part of her probation, Heaton was required, among other things, to keep the Probation Department informed of her address, obtain a substance-abuse evaluation, and find and maintain employment of twenty-five hours per week. *Id.* It is undisputed that Heaton obtained a substance-abuse evaluation and employment, but she did not inform her probation officer of the completion of those terms in a timely manner. *Id.* at 63–66. It is also undisputed that Heaton registered her address with her probation officer as 414 Wheeler Avenue but moved to 527 Ellenhurst for one week without informing her probation officer. *Id.* at 69–70.

In October 2010, Heaton also went to the home of Rhonda White and allegedly took over $500 worth of clothes and jewelry without permission. Heaton was arrested and charged with Class D felony theft. The State filed a petition to revoke Heaton's probation. An evidentiary hearing was held on March 8, 2011, and Heaton was unable to attend due to complications with her pregnancy. Tr. p. 13. The trial court kept the record open, and Heaton testified one week later.

After hearing the evidence, the trial court found Heaton to be in violation of four terms of her probation: (1) committing another offense, (2) failing to keep the Probation Department informed of her address, (3) failing to obtain a substance-abuse evaluation, and (4) failing to verify her employment with the Probation Department. Appellant's App. p. 23. The

trial court ordered Heaton to execute eighteen months of her previously-suspended sentence at the Indiana Department of Correction. *Id.* at 35.

Heaton now appeals.

### Discussion and Decision

■ Heaton contends that the trial court abused its discretion in finding that she violated her probation by committing a new offense and failing to inform her probation officer of her current address. She does not argue that the court erroneously found that she failed to verify her employment and failed to obtain a substance-abuse evaluation. She argues that the trial court used the wrong legal standard of "probable cause" as opposed to "preponderance of the evidence" in finding that she committed a new offense, and that the terms of her probation were vague about informing her probation officer of her current address. We disagree with the assertion that the terms of probation regarding her address were vague.[1] We do agree, however, that the trial court erred in using the probable-cause standard in determining if Heaton committed the theft.

■ Probation revocation is a two-step process. *Cox v. State,* 850 N.E.2d 485, 488 (Ind.Ct.App.2006). During the first step, the court must make a factual determination that a violation of a condition of probation has occurred. *Id.* To obtain a revocation of probation, "[t]he [S]tate must prove the violation by a preponderance of the evidence." Ind.Code § 35–38–2–3(e). At this point, the probationer must be given an opportunity to present evidence that explains and mitigates his violation. *Id.* Once the violation is proven, for the second step the court must determine the proper sanctions for the violation. I.C. § 35–38–2–3(g).

Before 1983, Indiana's probation revocation statute stated in part: "If it shall appear that the defendant has violated the terms of his probation or has been found guilty of having committed another offense, the court may revoke the probation or the suspension of sentence and may impose any sentence which might originally have been imposed." Ind.Code § 35–7–2–2 (Burns 1975). While the old statute did not articulate a specific legal standard to use in evaluating a potential probation violation, courts determined that a probable-cause determination was all that was required for determining whether a new offense was committed. *See, e.g., Hoffa v. State,* 267 Ind. 133, 368 N.E.2d 250, 252 (1977) ("the trial court on the basis of evidence submitted at a probation revocation hearing found that the arrest was reasonable and further found that there was *probable cause* for belief that the defendant had violated the criminal law of this state . . . .") (emphasis added).

The current statute, Indiana Code section 35–38–2–3(e), was implemented in 1983, the same year that the old statute for probation revocation was repealed by P.L. 311–1983, Section 49. Indiana Code section 35–38–2–3(e) explicitly states that probation violations must be proven by a preponderance of the evidence.

A line of cases, starting with *Weatherly v. State,* 564 N.E.2d 350, 352 (Ind.Ct.App. 1990), have relied on cases that cite the old

---

1. The terms of Heaton's probation were clear that she was to keep her probation officer informed of her current address. Appellant's App. p. 18. Heaton also admitted that there was a period of time where she lived at 527 Ellenhurst instead of 414 Wheeler Avenue, the address that she reported to her probation officer. Tr. p. 69. As a result, we find that the term of her probation pertaining to her address was not vague and that Heaton did violate it.

statute[2]; "[e]vidence must be presented from which the trial judge could reasonably conclude that the arrest was appropriate and that there is *probable cause* to believe the defendant violated a criminal law before the revocation may be sustained." *Id.* (emphasis added) (citing *Gee v. State*, 454 N.E.2d 1265 (Ind.Ct.App. 1983)). These cases have relied on out-of-date law. We note that today the correct legal standard in determining if a person on probation has committed another offense is a preponderance of the evidence, as is articulated in the current Indiana Code section 35–38–2–3(e).

■ Heaton contends that the trial court used a "probable cause" standard in finding that she had committed the theft. In its ruling, the trial court said "to the extent that this Court only has to make a probable cause determination, that is that a charge was filed and it is, and it is supported by probable cause, that's clearly the case here." Tr. p. 74. The State argues that the trial court used the correct standard because earlier in the testimony, the court said, "[a]nd so if there is no refutation the Court will find on this evidence that there is a preponderance of evidence to support the allegation of theft." *Id.* at 40. This statement, however, was made before Heaton had a chance to present testimony to refute the testimony presented by the State. Heaton was not present at the first part of the evidentiary hearing, *id.* at 13, so the trial court left the transcript open for her to testify at another time. After hearing Heaton's testimony, the trial court noted that the State had presented probable cause that she had committed a theft while on probation. *Id.* at 74. This was the incorrect legal stan-

dard, so the trial court did abuse its discretion.

■■ The State does note three other reasons for Heaton's probation violation— (1) failure to keep her probation officer informed of her address, (2) failure to obtain a substance-abuse evaluation, and (3) failure to verify employment—but those violations are all technical in nature. While we have consistently held that one probation violation is sufficient to revoke an individual's probation, *Hubbard v. State*, 683 N.E.2d 618, 622 (Ind.Ct.App. 1997), we also must review the sentence imposed, as the trial court has various options for sentencing a probation violator. Upon the revocation of probation, a trial court may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; (3) order execution on all or part of the sentence that was suspended at the time of initial sentencing. I.C. § 35–38–2–3(g). We review a trial court's sentencing decisions for probation violations for an abuse of discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

As a result of the trial court using the wrong legal standard for the commission of another offense, we cannot be sure that the trial court would have imposed the same punishment of eighteen months executed at the IDOC for three technical vio-

---

**2.** Other cases using the out-of-date probable-cause standard include *Tillberry v. State*, 895 N.E.2d 411, 417 (Ind.Ct.App.2008), and *Davis v. State*, 916 N.E.2d 736, 740 (Ind.Ct.App. 2009), *trans. denied*, with both cases noting that "evidence must be presented from which the trial court judge could reasonably conclude that the arrest was appropriate and that there is probable cause to believe the defendant violated a criminal law...."

lations alone. We therefore instruct the trial court to use the correct legal standard to determine whether Heaton violated her probation with the new arrest and resentence her in light of the new findings.

Reversed and remanded with instructions.

ROBB, C.J., and NAJAM, J., concur.