## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 15 2016, 5:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles J. Bise,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 15, 2016

Court of Appeals Case No.
33A04-1604-CR-885

Appeal from the Henry Circuit Court

The Honorable Mary G. Willis, Judge

Trial Court Cause No.
33C01-0704-MR-1

**May, Judge.**

[1] Charles J. Bise appeals the revocation of his probation. Bise questions whether the trial court used the correct evidentiary standard in finding he committed a new criminal offense. Bise also questions whether the trial court abused its discretion when it ordered him to serve the rest of his sentence in prison. We affirm.

# Facts and Procedural History

[2] On May 1, 2009, Bise pled guilty to voluntary manslaughter, a Class B felony,[1] and battery, a Class C felony.[2] On May 18, 2009, the trial court sentenced Bise to sixteen years executed and ten years suspended. On November 9, 2015, Bise began serving his probation.

[3] On February 16, 2016, a New Castle Police Department Patrolman, Officer Eric Jackson, was working as a security officer at Henry County Hospital. The hospital front desk contacted him by radio requesting he go to the emergency room to deal with disorderly conduct. There, Officer Jackson met with an emergency room nurse who explained Bise battered her after he was brought in by ambulance. Officer Jackson observed a bruise forming on the nurse's arm between her elbow and wrist.

---

[1] Ind. Code § 35-42-1-3(2) (1997).

[2] Ind. Code § 35-42-2-1(a)(3) (2005).

[4]     Officer Jackson then entered the trauma room where Bise had been placed to speak with him. Bise became belligerent, slurred his words, smelled of alcohol, and yelled at Officer Jackson. Officer Jackson stepped out of Bise's room, hoping Bise would calm down, but Bise continued to be belligerent and started to curse at Officer Jackson. Officer Jackson told Bise that, if he continued to yell, he would be arrested. Bise continued to yell and draw the attention of other patients in the emergency room.

[5]     Officer Jackson decided to arrest Bise for battery and disorderly conduct, and he requested medical clearance to incarcerate Bise. Bise then attempted to hit another nurse, but Officer Jackson restrained him. Finally, Bise then threatened to kill Officer Jackson. Officer Jackson arrested Bise.

[6]     The State charged Bise with Level 6 felony intimidation,[3] Class A misdemeanor battery,[4] and Class B misdemeanor disorderly conduct.[5] The State also filed a petition to revoke Bise's probation for his 2009 convictions. After an evidentiary hearing, the trial court found Bise violated his probation. Bise requested the court not send him to prison because of his health issues. The court ordered Bise to serve the rest of his sentence in the Indiana Department of Correction.

---

[3] Ind. Code § 35-45-2-1(a)(2)(b)(1)(B)(i) (2014).

[4] Ind. Code § 35-42-2-1(b)(1)(c) (2014).

[5] Ind. Code § 35-45-1-3(a)(2) (2014).

# Discussion and Decision

## I. Probation Violation

[7] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The court sets the conditions of probation and has discretion to determine whether probation has been violated. *Id*. The State must prove a probation violation by a preponderance of the evidence. Ind. Code § 35-38-2-3(f) (2015).

[8] When determining whether Bise violated his probation, the trial court said:

> The Court is going to find that based on the preponderance of the evidence that the Defendant has violated terms and conditions of probation. There is evidence that he has abused alcohol while on probation and was arrested with probable cause although that case is not resolved and there is probable cause evidence for the arrest which would be violations of probation.

(Tr. at 20.) Probable cause for an arrest and preponderance of the evidence for a probation revocation are two separate entities. *Teague v. State*, 891 N.E.2d 1121, 1128 (Ind. Ct. App. 2008) (reasonable suspicion is less than probable cause and considerably less than the preponderance standard). Bise contends we should reverse because the trial court used the wrong evidentiary standard to determine whether he committed a violation of probation.

[9] Bise argues the outcome here should be controlled by the rationale in *Heaton v. State*, 984 N.E.2d 614 (Ind. 2013). Heaton was unable to attend her scheduled probation revocation hearing due to pregnancy complications, but she testified a week later at a second hearing. *Heaton v. State*, 959 N.E.2d 330, 331 (Ind. Ct. App. 2011), *trans. granted,* 984 N.E.2d 614 (Ind. 2013). After the first evidentiary hearing, the trial court found Heaton committed a new crime by a preponderance of the evidence. *Id*. at 333. However, upon completion of Heaton's testimony at the second hearing, the trial court stated there was probable cause to support the allegation of the new crime and failed to mention the preponderance standard. *Id*. Heaton appealed and argued the trial court used the wrong burden of proof when deciding whether she violated probation. *Heaton*, 984 N.E.2d at 615. Our Indiana Supreme Court held: "Because the record is unclear as to which standard the trial court actually applied in determining whether the defendant had committed a new criminal offense, we cannot be assured that the trial court applied the proper standard and decline to find harmless error." *Id.* at 618.

[10] The facts here are distinguishable because of key timing differences between the statements of the trial judge in *Heaton* and the trial judge here. In *Heaton*, there were two separate evidentiary hearings, and the trial judge mentioned only the probable cause standard after the second hearing. 984 N.E.2d at 618. Here, there was only one evidentiary hearing, and the trial judge explicitly stated:

"The Court is going to find that based on the preponderance of the evidence that the Defendant has violated terms and conditions of probation." (Tr. at 17). While the court's statements regarding Bise's commission of new crimes indicate the court used the wrong standard, the court made clear it used the preponderance standard in finding Bise abused alcohol and revoking his probation. Therefore, the court's finding of the new crimes by the wrong evidentiary burden to support revocation of probation was harmless. *See Menifee v. State*, 600 N.E.2d 967, 970 (Ind. Ct. App. 1992) (although there was not sufficient evidence supporting every alleged probation violation, the State needs only prove one violation, which it did)*, clarified on other grounds and reh'g denied*, 605 N.E.2d 1207 (1993).

## II. Sanction

We use an abuse of discretion standard when we review the sanction a trial court imposes following a probation violation. *Prewitt*, 878 N.E.2d at 188. There is an abuse of discretion if the trial court's decision is "clearly against the logic and effect of the facts and circumstances." *Id.* An abuse of discretion can also occur if the trial court misconstrues the law. *Heaton*, 984 N.E.2d at 616.

Bise argues the court abused its discretion by sending him to prison because he has health issues. A defendant's deteriorating health can be considered among the totality of circumstances when determining whether to revoke probation.

*Ripps v. State*, 968 N.E.2d 323, 328 (Ind. Ct. App. 2012). Bise's problems do not, however, lead us to believe the court abused its discretion.

[13] When revoking Bise's probation and imposing a sanction, the court said:

> The Court is aware of Mr. Bise's medical conditions as relayed to the Court. I think some information has been supplied by the probation department and some information was supplied from the jail and that has been distributed by counsel. . . . My concern is that our Henry County Jail is not adequately equipped to address Mr. Bise's medical conditions and that placement for him at this time without delay would be the Department of Corrections. They may be able to work with the VA hospital for any temporary releases that would allow treatment as he becomes eligible for those. I know there are some future appointments for medical treatments and [sic] would be better equipped in the Department of Correction facility to address those.

(Tr. at 17-18.)

[14] In addition to finding Bise violated probation by abusing alcohol, the trial court also found there was probable cause to believe Bise committed intimidation,[6] battery,[7] and disorderly conduct.[8] Bise's deteriorating health does not outweigh the facts that, while intoxicated, he battered one nurse, attempted to batter

---

[6] Ind. Code § 35-45-2-1(a)(2)(b)(1)(B)(i) (2014).

[7] Ind. Code § 35-42-2-1(b)(1)(c) (2014).

[8] Ind. Code § 35-45-1-3(a)(2) (2014).

another nurse, and threatened to kill a police officer while on probation following a conviction of voluntary manslaughter. The trial court considered his health issues and decided the Department of Correction was the facility best equipped to treat him. Furthermore, the probation violation occurred just over three months after Bise's release from the Department of Correction. The trial court did not abuse its discretion when it imposed Bise's suspended sentence after his violent outbreak at the hospital. *See generally Patterson v. State*, 659 N.E.2d 220, 223 (Ind. Ct. App. 1995) (affirming the trial court's decision to revoke probation even though defendant had a mental health disease).

# Conclusion

The trial court properly found by a preponderance of the evidence that Bise violated probation by abusing alcohol, and it did not abuse its discretion by ordering him to serve the rest of his sentence in prison. We accordingly affirm.

Affirmed.

Kirsch, J., and Crone, J., concur.