**Mark MARTIN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 49A05–0311–CR–592.**

Court of Appeals of Indiana.

Aug. 12, 2004.

Timothy J. Miller, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Stephen Tesmer, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Mark Martin, challenges the trial court's revocation of his probation.

Upon appeal, Martin presents three issues for our review, one of which we find dispositive: whether the evidence is sufficient to support the trial court's revocation of his probation.

We reverse.

On August 16, 1999, Martin was charged with attempted burglary as a Class C felony under cause number 49G04–9908–CF–139321. On November 1, 1999, Martin was charged with eleven other counts under cause number 49G04–9910–CF–175192. The causes were consolidated for purposes of a guilty plea and sentencing. On August 9, 2000, Martin, pursuant to a plea agreement, pleaded guilty to attempted burglary as a Class C felony under cause number 139321 and one count of burglary as a Class B felony and one count of burglary as a Class C felony under cause number 175192.[1] The plea agreement further provided that the sentences for the offenses under both causes should not exceed eight years executed. In accordance with the plea agreement, the trial court sentenced Martin to eight years imprisonment for the Class C felony burglary under cause number 139321. Under cause number 175192, the trial court sentenced Martin to twenty years, with twelve years suspended, eight years executed, and six years of probation for the Class B felony burglary, and eight years imprisonment for the Class C felony burglary, and ordered the sentences to run concurrently. The court also ordered that the sentences under both causes run concurrently, for a total executed aggregate sentence of eight years.

On September 25, 2003, the State filed a notice of probation violation alleging that criminal charges had been filed against Martin for battery, interfering with reporting of a crime, and torturing or killing a vertebrate animal.[2] On October 1, 2003, the trial court held an initial hearing on Martin's alleged probation violation. During the hearing, the court found that Martin had admitted to the alleged probation violation, and therefore revoked his probation and ordered that he serve the twelve-year suspended portion of his sentence at the Department of Correction. Martin filed a motion to correct error on October 15, 2003, which the trial court denied on October 23, 2003.

■■■ Martin asserts that the evidence is insufficient to support the trial court's revocation of his probation. In determining whether there is sufficient evidence to support a probation revocation, we use the same standard of review as with any other sufficiency matter. *Richeson v. State*, 648 N.E.2d 384, 389 (Ind.Ct.App.1995), *trans. denied*. We will consider only the evidence most favorable to the State, along with the reasonable inferences to be drawn therefrom. *Id.* Where there is evidence submitted at the probation revocation hearing from which the trial court could find that an arrest was reasonable and that there is probable cause for belief that a defendant violated a criminal law, revocation of probation is permitted. *Id.*

As noted above, the trial court revoked Martin's probation after determining that Martin admitted to the alleged probation violation. However, a review of the record leads us to the opposite conclusion. A detailed account of what transpired at the hearing on the alleged probation violation

---

1. The trial court granted the State's motion to dismiss all other charges under cause number 175192.

2. As a standard condition of his probation, Martin was advised that he "shall not commit a criminal offense." Supplemental Appendix at 1.

is telling. At the outset of the hearing, the court informed Martin that the alleged probation violation was that he had had charges filed against him. The trial court then proceeded to advise Martin of his right to a contested hearing, his right to confront and cross-examine witnesses, his right not to testify, and his right to an attorney. The court also advised Martin that the State would be required to prove the allegation by a preponderance of the evidence. Martin then asked the court, "And my probation—they say that my probation violation is just getting arrested?" and the court replied "Yes." Transcript at 4–5. The court then asked Martin if he wished to speak with an attorney, to which Martin responded, "No, I'm not worried about it. I mean, if it's just a violation just getting arrested obviously I violated cause I'm in jail." Tr. at 5.

The court then placed Martin under oath and the following colloquy ensued:

"THE COURT: Okay. Sir, so it's true that you—on May 27th of this year charges were filed against you and you were arrested on battery, interfering with the reporting of a crime and torturing or killing a vertebrate animal; is that correct?

DEFENDANT: Yep.

THE COURT: And those—that case still pending against you in Court 16?

DEFENDANT: Yes." Tr. at 5–6.

The court continued to question Martin while he was under oath to establish for the record that Martin had been advised of his rights. The court then asked Martin if he was waiving his right to an attorney, and Martin asked a second time, "I mean, my—my probation violation is just being arrested and that's it?" Tr. at 7. The court responded as follows:

"Yes, that's the single allegation—well it's not being arrested, it's having charges filed against you. Either way it's a violation of your probation if it's true. Are you giving up your right to have an attorney represent you in this case?" Tr. at 7.

Based upon what the trial court advised him as to what constituted his probation violation, Martin waived his right to an attorney. After inquiring into Martin's mental state, the court found that Martin knowingly, voluntarily, and intelligently waived his right to a contested hearing, waived his right to counsel, and admitted to the alleged probation violation.

The court then proceeded with the "sanctions hearing," during which Martin told the court, "I don't even know what this is about." Tr. at 8. The hearing continued with the State requesting that the court reinstate the twelve-year suspended sentence. Near the end of the hearing, the State for the first time offered the probable cause affidavit for the offenses which formed the basis of the alleged probation violation, and Martin did not object. After the court read the probable cause affidavit into the record, Martin indicated that he had some recollection of the alleged events, but then stated, "that's not me." Tr. at 17. The court then ordered that Martin serve the twelve-year suspended sentence for violating his probation.

■ Here, while the trial court found that Martin admitted to the alleged probation violation, the record establishes that Martin admitted only to being arrested and the fact that charges had been filed against him and were currently pending in another court. It has long been established that an arrest alone does not warrant the revocation of probation. *Hoffa v.*

*State,* 267 Ind. 133, 135, 368 N.E.2d 250, 252 (1977); *Johnson v. State,* 692 N.E.2d 485, 487 (Ind.Ct.App.1998). The same holds true for the fact that charges were filed against a probationer.[3]

Further, we note that at the hearing on Martin's alleged probation violation, Martin was the only person to testify, and at best, it can only be said that Martin was confused, and for that matter misinformed by the court, as to what constituted a violation of his probation. Further, during the revocation part of the hearing, the State presented no evidence or the probable cause affidavit for the offenses which gave rise to the alleged probation violation.[4] Thus, there was no evidence submitted at the probation revocation hearing prior to the court's revocation of Martin's probation from which the trial court could have found that Martin's arrest was reasonable and that there was probable cause for belief that Martin violated a criminal law. The State cannot rely upon Martin's admission that he was arrested and that charges had been filed against him to prove by a preponderance of the evidence that Martin violated his probation by committing another criminal offense. We therefore conclude that there was insufficient evidence to support the court's revocation of Martin's probation.

The judgment of the trial court is reversed.[5]

MAY, J., and VAIDIK, J., concur.

3. The filing of criminal charges may be sufficient to support revocation of probation if the trial court finds by a preponderance of the evidence that there is probable cause to support them. Here, however, although the trial court read the probable cause affidavit into the record, the court did not make any determination as to the facts asserted.

4. The probable cause affidavit was entered into evidence and read into the record during the sanctions part of the hearing, only after the trial court had made the finding that Martin had admitted to the alleged probation violation.

5. On July 30, 2004, appellant filed his Verified Motion for Appeal Bond asserting that he has "now been incarcerated for ten months as a result of the revocation of his probation...." The thrust of this motion given the present posture of the case is to seek release upon appeal bond pending the period for rehearing and/or transfer. In light of our decision here, we direct the State to respond to the Verified Motion for Appeal Bond on or before August 23, 2004, and to recommend an amount deemed reasonable for such bond if the court grants the verified petition.