Oscar **HARRIS**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 49A02–0411–CR–921.

Court of Appeals of Indiana.

Aug. 3, 2005.

Transfer Denied Sept. 28, 2005.

Karen C. Horseman, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, for Appellee.

**OPINION**

SHARPNACK, Judge.

Oscar Harris appeals his conviction for resisting law enforcement as a class A misdemeanor.[1] Harris raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction. We affirm.

The facts most favorable to the conviction reveal that at approximately 10:30 a.m. on January 22, 2004, Officer Paul McGann, who was employed by the Indianapolis Police Department ("IPD") and assigned to the Park Rangers Division, was working off-duty security for Goodwill Industries at 1635 West Michigan Street. Goodwill utilizes law enforcement officers "for any altercations that may occur to people that are trying to access the building and trying to get past security." Transcript at 26. Officer McGann encountered Harris at the Goodwill facility after overhearing an argument between Harris and a security guard at the security entrance of the building regarding Harris's refusal to sign in to access the building. Harris refused to provide appropriate identification and told Officer McGann, "I don't have to show you credentials. Fuck

---

1. Ind.Code § 35–44–3–3 (2004).

you." *Id.* at 28. Based on his training and experience, Officer McGann concluded that Harris was "highly intoxicated." *Id.* at 30. Officer McGann administered a portable breath test, which showed that Harris's blood alcohol content was 0.17 percent.

Officer McGann repeatedly asked Harris to stop yelling and to calm down, but Harris continued yelling and cursing. Officer McGann attempted to arrest Harris for public intoxication and disorderly conduct, but Harris kept trying to pull his hands away and told Officer McGann that he did not have to listen to the officer and that the officer could not take him to jail. Once Officer McGann was able to handcuff Harris, he took Harris to the security office. Harris refused to follow Officer McGann's orders to sit down and continued to kick and fight. As a result, Officer McGann radioed IPD West District Roll Call for backup. Even after two additional IPD officers arrived, including Officer David Hinshaw, Harris continued to use abusive language and made threats toward Officer McGann. The officers attempted to place Harris in the IPD jail wagon, but he used his legs to push himself backwards and would not bend his knees to sit down into the seat. Harris was eventually placed in the wagon and transported to the Marion County lockup.

The State charged Harris with resisting law enforcement as a class A misdemeanor, intimidation as a class D felony[2], disorderly conduct as a class B misdemeanor,[3] and public intoxication as a class B misdemeanor[4]. Following a jury trial, Harris was found guilty of resisting law enforcement, intimidation, and public intoxication but not guilty of disorderly conduct. The trial court sentenced Harris to concurrent

sentences of one year on the resisting law enforcement conviction, three years for the intimidation conviction; and 180 days for the public intoxication conviction. All of sentences were suspended and Harris was ordered to serve two years probation on the intimidation charge.

The issue is whether the evidence in this case is sufficient to sustain Harris's conviction for resisting law enforcement as a class A misdemeanor. Harris does not appeal his convictions for intimidation and public intoxication. When reviewing claims of insufficient evidence, "we will affirm the conviction unless, considering only the evidence and the reasonable inferences favorable to the judgment, and neither reweighing the evidence nor judging witness credibility, we conclude no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Walker v. State,* 813 N.E.2d 339, 342 (Ind.Ct.App.2004) (citing *Tyson v. State,* 766 N.E.2d 715, 717–718 (Ind.2002)), *trans. denied.*

■ To convict Harris of resisting law enforcement, the State was required to establish beyond a reasonable doubt that Harris: (1) knowingly or intentionally; (2) forcibly resisted, obstructed, or interfered; (3) *with a law enforcement officer* while the officer was lawfully engaged in the execution of his duties as an officer. Ind. Code § 35–44–3–3(a)(1) (emphasis added). Harris does not dispute that he knowingly forcibly resisted Officer McGann. Instead, Harris argues that the State presented insufficient evidence that Officer McGann was a law enforcement officer within the meaning of the resisting statute.

Indiana Code § 9–13–2–92(a) (2004) defines the term law enforcement officer and provides:

---

**2.** Ind.Code § 35–45–2–1 (2004).

**3.** Ind.Code § 35–45–1–3 (2004).

**4.** Ind.Code § 7.1–5–1–3 (2004).

"Law enforcement officer", except as provided in subsection (b), includes the following:

(1) A state police officer.

(2) A city, town, or county police officer.

(3) A sheriff.

(4) A county coroner.

(5) A conservation officer.

Furthermore, Indiana Code § 35–41–1–17 (2004) defines a law enforcement officer as:

(1) a police officer, sheriff, constable, marshal, or prosecuting attorney;

(2) a deputy of any of those persons;

(3) an investigator for a prosecuting attorney;

(4) a conservation officer; or

(5) an enforcement officer of the alcohol and tobacco commission.

Harris argues that the State failed to provide sufficient evidence that Officer McGann was a law enforcement officer because Officer McGann only testified that he was "employed by" IPD and did not testify that he was an IPD officer. Citing *Walker v. State*, 813 N.E.2d 339 (Ind.Ct. App.2004), Harris asserts that "simply being employed by IPD does not make that employee a police officer for purposes of the definition of 'law enforcement officer.' " Appellant's Brief at 6. In *Walker*, a park ranger arrested the defendant after observing the defendant's erratic driving and determining that he was under the influence of alcohol. *Walker*, 813 N.E.2d at 340. As a result of the investigation and arrest made by the park ranger, the defendant was charged with several crimes, including resisting law enforcement. *Id.* at 340–341. On appeal, the defendant challenged the sufficiency of the evidence regarding whether the park ranger was a law enforcement officer for purposes of the resisting law enforcement statute. *Id.* at 342. Reversing the trial court, we held

that the State had not shown that a "park ranger" fell within the statutory definition of law enforcement officer. *Id.* However, we did not hold that a park ranger is not a law enforcement officer as a matter of law. *Id.* We held that whether a park ranger fits within the definition of a law enforcement officer was "an issue of evidence presented, not an issue of fact or law." *Id.*

■ We find the present case factually distinguishable from *Walker*. The fact that Officer McGann was assigned to work as a park ranger is not dispositive as to whether he is a law enforcement officer within the resisting statute. As we stated in *Walker*, it is an issue of the evidence presented. *Id.* Here, the evidence reveals that Officer McGann was employed by IPD at the time of the January 22, 2004 incident with Harris. Harris does not dispute this. Rather, it appears that he relies on the fact that Officer McGann was assigned to work as a park ranger. This reliance is misplaced. Officer McGann testified that he was employed by IPD for six years at the time of the incident. Prior to that, he had worked for the Marion County Sheriff's Department. Officer McGann also received training through "the academy" as well as training for standardized field sobriety testing. Transcript at 28. He testified that, as of the time of trial, he had worked as a law enforcement officer for ten years and was working in that capacity on the day in question. Officer McGann testified that during the course of his employment, he had come into contact with intoxicated persons approximately four hundred times. In addition, David Hinshaw, a five-year veteran of IPD who responded to the scene after the call for backup, testified that, "We had gotten a run ... *to assist an officer* at Goodwill Industries ...." Transcript at 45 (emphasis added). Officer Hinshaw also testified that "*Officer McGann* had had

Mr. Harris in custody ...." *Id.* at 46 (emphasis added). Harris argues that Officer McGann "never testified that he was an IPD officer assigned to the park ranger division." Appellant's Brief at 8. This appears to be a semantics argument and is not persuasive. Officer McGann was employed by IPD as a law enforcement officer at the time of the incident; he attended "the academy" and received specialized training in sobriety testing; and other officers acknowledged that he was a law enforcement officer. We conclude that this evidence and the reasonable inferences drawn therefrom is sufficient for a jury to find beyond a reasonable doubt that Officer McGann is a law enforcement officer within the meaning of Ind.Code § 35–44–3–3 and, thus, sufficient to sustain Harris's conviction for resisting law enforcement.

For the foregoing reasons, we affirm Harris's conviction for resisting law enforcement as a class A misdemeanor.

Affirmed.

MAY, J. and VAIDIK, J. concur.