**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**COREY L. SCOTT**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHEN R. CREASON**
Chief Counsel
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES HUNTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1111-CR-1000 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patricia J. Gifford, Judge
Cause Nos. 49G04-0112-CF-229242, 49G04-0112-CF-229043

**May 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Charles Hunter appeals following the trial court's revocation of his probation and imposition of the five-year suspended portion of his sentence. Upon appeal, Hunter challenges the sufficiency of the evidence to support the revocation and claims that the trial court abused its discretion in imposing his full back-up time. We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 12, 2002, Hunter was convicted of Class C felony robbery and found to be a habitual offender, in Cause Number 49G04-0112-CF-229242 ("Cause No. 242"). Hunter was sentenced to serve twenty years, with five years suspended to probation. Hunter's conviction in Cause No. 242 was entered pursuant to a plea agreement in which he also pled guilty to three counts of Class C felony robbery and to being a habitual offender in Cause Number 49G04-0112-CF-229043 ("Cause No. 043").[1] Hunter received an aggregate sentence of twenty years, with five years suspended to probation, in Cause No. 043. Hunter's probation for both cases was ordered to run concurrently. Hunter began his probationary term on August 7, 2011. An express term of Hunter's probation was that he not commit a criminal offense.

On October 4, 2011, the State filed a notice of probation violation alleging that Hunter had been arrested on September 27, 2011, and charged with Class D felony theft/receiving stolen property, Class A misdemeanor resisting law enforcement, and Class B misdemeanor battery under Cause Number 49F18-1109-FD-69106. ("Cause No. 106"). At an October 5, 2011 initial hearing, Hunter volunteered that he wished to

---

[1] In exchange, the State agreed to dismiss its charges against Hunter in five other cases.

take full responsibility for his actions, explaining that he had panicked when his bills began to stack up. Thereafter, the trial court appointed counsel, at which point defense counsel indicated that Hunter wished to admit the allegations against him that day. The trial court confirmed with Hunter that he was admitting that he had been arrested and charged in Cause No. 106, after which it found Hunter had admitted to violating the conditions of his probation.

The hearing did not end there, however. The Probation Department then outlined the substance of the allegations against Hunter, specifically that he had stolen $597 worth of liquor from Kroger, run from officers approaching him as he left the store, and pushed a store manager. Hunter again admitted responsibility and conceded that he had intended to sell the alcohol, which he agreed would qualify as another violation of the law. The trial court again found that Hunter had admitted his probation violation, revoked the probation in each of Cause Nos. 242 and 043, and ordered him to serve two concurrent five-year terms in the Department of Correction. This appeal follows.

## DISCUSSION AND DECISION

### I. Revocation

Upon appeal, Hunter challenges the sufficiency of the evidence to support the revocation of his probation. A probation hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999). The decision to revoke probation is within the sole discretion of the trial court. *Woods v. State*, 892 N.E.2d 637, 639-40 (Ind. 2008). Its decision is reviewed on appeal for abuse of that discretion. *Id.* On review, we consider

3

only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witnesses. *Id.* If there is substantial evidence of probative value to support the trial court's decision that a defendant has violated any terms of probation, the reviewing court will affirm its decision to revoke probation. *Id.* at 639-40.

Probation revocation is a two-step process. *Id.* at 640. First, the court must make a factual determination that a violation of a condition of probation actually occurred. *Id.* If a violation is proven, the trial court must then determine if the violation warrants revocation of the probation. *Id.* Even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation. *Id.*

In challenging the sufficiency of the evidence, Hunter argues that he merely admitted to being arrested and charged, not to the underlying facts of his alleged crimes. In making this argument, Hunter points to *Martin v. State*, 813 N.E.2d 388, 390-91 (Ind. Ct. App. 2004), wherein this court reversed a probation revocation on the grounds that it was based upon the defendant's mere admissions to being arrested and charged. As the *Martin* court observed, an arrest alone does not warrant the revocation of probation. *Id.* (citing *Hoffa v. State*, 267 Ind. 133, 135, 368 N.E.2d 250, 252 (1977)). Similarly, a probation revocation may not rest on the mere filing of charges. *Id.* at 391. Instead, the State must establish by a preponderance of the evidence that a commission of a crime occurred. *See Cox*, 706 N.E.2d at 551.

While Hunter's initial admissions were perhaps only to having been arrested and charged, he subsequently admitted "total responsibility" for his actions at a point in the

4

hearing after the Probation Department had read the particulars of the allegations against him. Tr. p. 8. In addition, Hunter admitted that he had intended to sell the alcohol he was alleged to have taken, and he agreed that this would "again" violate the law, establishing his concession that taking the alcohol had also been in violation of the law. Importantly, Hunter made these admissions within the context of having admitted that he panicked when his bills piled up. Given the unequivocal nature of Hunter's admissions, we are persuaded that sufficient evidence exists to demonstrate by a preponderance of the evidence that he had committed theft.

Hunter also argues, based upon this court's recent decision in *Heaton v. State*, 959 N.E.2d 330, 332 (Ind. Ct. App. 2011), *reh'g denied, trans. pending*, that the trial court improperly based its judgment upon an outdated probable-cause standard rather than the statutory preponderance-of-the-evidence standard. *See* Ind. Code § 35-38-2-3(e) (2011).[2] Unlike in *Heaton,* here there was no indication by the trial court that it was basing its findings upon a probable-cause standard. The trial court simply listened to the evidence and found that a violation had been established. Given Hunter's admissions, the trial court was well within its discretion to conclude that a violation had occurred under a preponderance standard.

## II.    Sentence

Hunter also challenges the trial court's imposition of his full five-year suspended term. Probation is a matter of grace left to the trial court's discretion, not a right to

---

[2] Ind. Code § 35-38-2-3 has since been amended, *see* P.L. 147-2012, H.E.A. 1200, and will become effective July 1, 2012. The amendments do not affect the preponderance standard unless the person charged admits his probation violation and requests to waive his hearing.

which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.* Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. *Id.* If this decision were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. *Id.* Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Id.* An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

Hunter points to his employment, church attendance, family support system, and wish to accept responsibility for his actions in claiming that the trial court should not have imposed his full backup time. Hunter claims that the trial court's stated policy of "you get arrested, you're gone," Tr. p. 13, did not accurately reflect the options available for probation violations. *See* Ind. Code § 35-38-2-3(g) (permitting trial court to continue person on probation with or without modifying conditions, extend the probationary period for not more than one year, or order execution of all or part of the suspended sentence). Were Hunter a first-time offender, this argument might be more persuasive. But, as the trial court obviously recognized, Hunter is a seasoned criminal, having twice pled to habitual offender status. Moreover, within less than two months after his release from incarceration, Hunter was already admittedly violating the law. Given Hunter's

6

recidivism, we see no abuse of discretion in the trial court's zero-tolerance approach in imposing the full five-year backup term.

The judgment of the trial court is affirmed.

VAIDIK, J., and CRONE, J., concur.