**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 05 2013, 9:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**P. STEPHEN MILLER**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

EDDIE ROGERS,                              )
                                           )
    Appellant-Defendant,           )
                                           )
        vs.             )     No. 02A05-1206-CR-331
                                           )
STATE OF INDIANA,                          )
                                           )
    Appellee-Plaintiff.            )

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
The Honorable Wendy W. Davis, Judge
Cause No. 02D05-1012-FC-300

**February 5, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Eddie Rogers pled guilty to Class D felony possession of cocaine and Class A misdemeanor resisting law enforcement and was sentenced to two years of incarceration with 183 days executed and the remainder suspended to probation. While serving his sentence on home detention, Appellee-Plaintiff the State of Indiana petitioned to revoke Rogers's probation alleging that Rogers had been charged with Class C felony carrying a handgun without a license. Following a jury trial resulting in Rogers's acquittal on the handgun charge, the trial court found by a preponderance of the evidence that Rogers had committed the crime and revoked his probation. The trial judge then referred the case to the original sentencing judge for a calculation of Rogers's proper credit time. Rogers claims revocation was an abuse of the trial court's discretion because (1) the State asserted insufficient grounds for revocation, (2) Rogers was not given an evidentiary hearing on the State's petition, and (3) the sanctioning judge did not hear evidence of Rogers's probation violation. We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 16, 2010, the State charged Rogers with: Count I, Class C felony possession of cocaine; Count II, Class A misdemeanor resisting law enforcement; and Count III, Class B misdemeanor public intoxication. The State later reduced Count I to a Class D felony. Pursuant to a plea agreement, Rogers pled guilty to Counts I and II, and Count III was dismissed. The trial court, Judge Wendy W. Davis presiding, sentenced Rogers to two years of incarceration on Count I, with 183 days executed and the remainder suspended to probation. On Count II, Rogers was sentenced to 183 days executed, to be served concurrent with his sentence on Count I. Rogers's executed

2

sentence was to be served in the Allen County Community Corrections Home Detention Program.

On August 16, 2011, the State filed a petition to revoke Rogers's home detention after Rogers was arrested on "new charges of felony drug offenses." Appellant's App. p. 65. The State then petitioned to revoke Rogers's probation, alleging that Rogers violated terms of his probation by committing the new offense of dealing in cocaine and by not successfully completing home detention. On November 22, 2011, the State withdrew its revocation petition, and Rogers was ordered returned to probation.

On March 1, 2012, the State again petitioned to revoke Rogers's probation, this time alleging that Rogers violated a condition of his probation by not maintaining good behavior. In support of this allegation, the State's petition stated, "On or about the 24th day of February, 2012, the defendant was charged with Carrying a Handgun without a License, Class C Felony, in cause number 02D06-1202-FC-70." Appellant's App. p. 89. The State also alleged that Rogers had not paid certain probation fees. A "Hearing on Violation of Probation" was scheduled for May 1, 2012, and the trial court ordered that Rogers be notified of such. Appellant's App. p. 13.

On May 1, 2012, a jury acquitted Rogers on the handgun charge, and the trial court, Judge John F. Surbeck, Jr. presiding, entered a judgment of acquittal. The court then asked if the State wished to proceed with the revocation of Rogers's probation, and the following exchange took place between Jack Robel, counsel for the State; Greg Fumarolo, counsel for Rogers; and the court.

MR. ROBEL: I would ask the Court as the trier of fact to find that [Rogers] violated the terms of his probation, based upon the evidence that was submitted on a preponderance of the evidence.

COURT: Mr. Fumarolo?

MR. FUMAROLO: Well Judge, I don't believe the State even achieved that, as I said there were a number of possibilities all of which were in my view were of equal possibility, and under the circumstances of the case and the jury's verdict, I'd ask that the Court find that he did not violate his probation.

COURT: Either counsel wish to present evidence?
….

MR. ROBEL: I have no evidence other than what has already been presented, Your Honor.

COURT: I'll find that by a preponderance of the evidence that the Defendant possessed a firearm on the 21st of February 2012 all in violation of his probation. I'll find that he's violated terms and conditions of probation, the suspended sentence is revoked and Defendant is committed to the Indiana Department of Correction.

Revocation Hearing Tr. p. 4-5. Neither Rogers nor his counsel responded to the court's invitation to present additional evidence.

After some discussion and confusion on Rogers's proper credit time, Judge Surbeck stated, "I'm going to make a finding of revocation … [l]et probation calculate the credit time and let Judge Davis decide where he serves it." Revocation Hearing Tr. p. 9. Accordingly, on May 2, 2012, Judge Surbeck issued the following written order:

The Court having heard evidence in Trial of State v. Rogers 02D06-1202-FC-70 Carrying Handgun without a License, which charge is the basis of the Verified Petition for Revocation of Probation, in this cause, the court finds by a preponderance of evidence that defendant has violated terms of his probation. Defendant's sentence herein is revoked. Cause referred to Judge Davis, original sentencing judge for sentencing in this cause.

4

Appellant's App. p. 104-05.

Pursuant to Judge Surbeck's referral, Judge Davis conducted a sanctions hearing on May 8, 2012. At this hearing, Rogers's counsel stated to the court, "I guess I'm not sure why Judge Surbeck referred [the case] back to you … I think for a jail time credit check." Sanctions Hearing Tr. p. 3. Judge Davis responded, "Amongst other things," and then allowed Rogers to argue that his probation should not be revoked. Sanctions Hearing Tr. p. 3. Ultimately, Judge Davis concluded:

> Pursuant to Judge Surbeck's order dated May 2nd, 2012, I'll show that Judge Surbeck found by the preponderance of the evidence the Defendant violated conditions of probation. Accordingly, I will revoke probation. I will note that he is an inappropriate candidate for community revision. I will assess … 121 days jail time credit.

Sanctions Hearing Tr. p. 7-8. Rogers was ordered to the Indiana Department of Correction to serve the remainder of his previously suspended sentence.

Thereafter, Rogers filed a motion to correct error, in which he claimed that the court's order revoking his probation erroneously stated that he had admitted to the allegations in the revocation petition. Judge Davis held a hearing on the motion on May 24, 2012, and the parties agreed that the judgment in the case should be amended to reflect that Rogers did not admit to the allegations. At this hearing, Rogers was represented by new counsel, who questioned whether Judge Davis could revoke Rogers's probation without having heard the evidence considered by Judge Surbeck at the revocation hearing. Judge Davis responded:

> As I look at the order entered by Judge Surbeck on May 2nd, 2012, Judge Surbeck's order after hearing the evidence at trial was that the Defendant's [probation] is herein revoked. Under the Judicial Canons and Ethical

Rules,[1] Judge Surbeck recused himself and asked me to finish and … sentence the Defendant accordingly.  Therefore, as I read Judge Surbeck's order that he is revoked and … he heard the evidence, I will follow Judge Surbeck's finding that by a preponderance of the evidence, the Defendant violated the terms of probation and his sentence is herein revoked.

Motion Hearing Tr. p. 6.  Judge Davis subsequently granted Rogers an adjusted credit time of 138 days but otherwise affirmed the court's earlier determination with the following written order:

> Pursuant to Judge Surbeck's Order of May 2, 2012, Judge Surbeck referred case to Judge Davis, the original sentencing Judge, for sentencing in this matter.  Defendant having previously been advised of his rights, the Court hears arguments of counsel.  The Court adopts Judge Surbeck's Order dated May 2, 2012 and GRANTS the State's Verified Petition of Revocation of Probation and revokes Defendant's probation.  ACCORDINGLY, the Court finds that Judge Surbeck found by a preponderance of the evidence the Defendant violated the terms of his probation as outlined in Paragraph 1 of the Verified Petition for Revocation of Probation.  The Court adopts Judge Surbeck's Finding and Order and Defendant's sentence is herein revoked.
> Defendant is committed to the Indiana Department of Corrections for a period of 1 year and 182 days on Amended Count I.  Defendant is given 138 days jail time credit.

Appellant's App. p. 120.

## DISCUSSION AND DECISION

Probation is a favor granted by the State, not a right to which a criminal defendant is entitled.  *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997).  Once the State grants that favor, however, it cannot simply revoke the privilege at its discretion.  *Id.*  Probation revocation implicates a defendant's liberty interest, which entitles him to some

---

[1] The record does not indicate that Judge Surbeck recused himself from the proceeding on the basis of partiality as is contemplated by the Indiana Code of Judicial Conduct.  Rather, Judge Surbeck referred the case to Judge Davis, in light of her role as the original sentencing judge, to ensure accurate calculation of Rogers's credit time.

procedural due process. *Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Because probation revocation does not deprive a defendant of his absolute liberty, but only his conditional liberty, he is not entitled to the full due process rights afforded a defendant in a criminal proceeding. *Id.*

The minimum requirements of due process include: (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of evidence against her; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking probation. *Id.* (citing *Morrissey*, 408 U.S. at 489).

"Probation is a matter of grace left to trial court discretion…." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "A trial court's probation decision is subject to review for abuse of discretion[, which] occurs where the decision is clearly against the logic and effect of the facts and circumstances." *Smith v. State*, 963 N.E.2d 1110, 1112 (Ind. 2012).

### I. Whether the State Asserted Sufficient Grounds for Revocation

Rogers argues that the trial court abused its discretion in revoking his probation because the State's petition asserted insufficient grounds for revocation. In its petition, the State alleged that Rogers "[d]id not maintain good behavior. On or about the 24th day of February, 2012, [Rogers] was charged with Carrying a Handgun without a License…." Appellant's App. p. 89. Rogers claims that this allegation is insufficient to support

7

revocation because it fails to assert that Rogers committed the charged offense.

Rogers's claim relies on the principal that the filing of new charges against a probationer alone does not warrant the revocation of probation. *Martin v. State*, 813 N.E.2d 388, 390-91 (Ind. Ct. App. 2004). New charges may be sufficient, however, if the trial court finds by a preponderance of the evidence that the probationer committed the charged offenses. *Id.* at 391 n.3; *Isaac v. State*, 605 N.E.2d 144, 147 (Ind. 1992). Here, as stated in its order on the petition for revocation, the trial court found "by a preponderance of the evidence that defendant has violated [the] terms of his probation." Appellant's App. p. 104. The trial court also stated at the revocation hearing, "I'll find that by a preponderance of the evidence that [Rogers] possessed a firearm on the 21st of February of 2012 all in violation of his probation." Revocation Hearing Tr. p. 5. *See Clark v. State*, 580 N.E.2d 708, 711 (Ind. Ct. App. 1991) (holding written transcript of revocation hearing sufficient to satisfy the court's statutory writing requirement).

We conclude that the allegation that Rogers was *charged* with carrying a handgun without a license, while not sufficient alone to support a revocation of Rogers's probation, provided Rogers with adequate notice that the State sought revocation on the ground that Rogers *committed* the charged offense. Further, we do not find, and Rogers does not contend, that he was prejudiced by the allegations as stated in the State's petition. Immediately preceding Rogers's revocation hearing, a jury trial was held on the charge of carrying a handgun without a license. Rogers was represented by counsel at trial and given the opportunity to present evidence and confront and cross-examine adverse witnesses on the allegation that he *committed* the charged offense. This trial

resulted in Rogers's acquittal. Moreover, Rogers did not challenge the sufficiency of the State's petition before the trial court and, therefore, has waived this issue on appeal. *See Wilson v. State*, 931 N.E.2d 914, 919 (Ind. Ct. App. 2010), *trans. denied.*

## II. Whether Rogers Was Given a Proper Hearing

Rogers argues that the trial court abused its discretion in revoking his probation without first holding an evidentiary hearing. Indiana Code section 35-38-2-3(d) requires the court to conduct a hearing concerning the alleged probation violation unless the probationer admits to the violation, waives the right to a hearing, and is advised of the resulting forfeiture of certain due process rights. *See* Ind. Code § 35-38-2-3(e). Rogers claims that the proceeding on May 1, 2012, did not constitute a hearing. We disagree.

We note initially that the proceeding at issue was intended as a hearing on the revocation of Rogers's probation. It was scheduled as a "Hearing on Violation of Probation," Appellant's App. p. 13; the trial court ordered that Rogers be notified of such; and Rogers makes no argument that notice was not received or was in any way defective. The proceeding also was introduced and acknowledged as a hearing on revocation. Following Rogers's acquittal on the handgun charge, the trial court asked the State if it wished to proceed with the revocation. The State affirmed that it did, and, when prompted for reply, Rogers asked that the court find that he did not violate his probation.

Rogers contends that his revocation hearing was insufficient because he did not present evidence or confront and cross-examine adverse witnesses. *See Morrissey*, 408 U.S. at 482. Due process, however, requires only that Rogers be given the "opportunity"

9

to do such things.  *Id.*  Here, the trial court satisfied this requirement when it asked if either party wished to present evidence.  The State responded that it would rely on the evidence presented at trial, whereas both Rogers and his counsel remained silent.  Accordingly, the trial court issued its order "having heard evidence in Trial of State v. Rogers … [for] Carrying Handgun without a License."  Appellant's App. p. 104.  It is not disputed that Rogers was given due process at trial.

Rogers also contends that, should his silence in response to the trial court's question, "Either counsel wish to present evidence?" be construed as a waiver of a hearing, that waiver is invalid because Rogers was not advised of his rights as required by Indiana Code section 35-38-2-3(e).  But in light of our finding above that the proceeding on May 1, 2012, was indeed a probation revocation hearing, we decline Rogers's invitation to view his silence as an unknowing or involuntary waiver.  The hearing was held, Rogers was present and represented by counsel, and he was given the opportunity to defend himself.

### III.  Whether the Sanctioning Judge Was Required to Hear Evidence

Rogers argues that the trial court abused its discretion in revoking his probation because the judge that imposed the sanction of revocation was not the same judge that found Rogers to have violated probation.  Rogers relies on Indiana Trial Rule 63(A), which states, "The judge who presides at … a hearing at which evidence is received shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the conduct of the … hearing after [it] is concluded."  Rogers claims that Judge Davis could not properly determine an appropriate sanction for

10

his probation violation without first hearing evidence on the severity of that violation. This contention, however, misconstrues when and by whom Rogers's probation was in fact revoked.

At the revocation hearing on May 1, 2012, Judge Surbeck found that Rogers had violated probation by carrying a handgun without a license. On this ground, Judge Surbeck revoked Rogers's probation and referred the case to Judge Davis for a determination of Rogers's proper credit time. Revocation Hearing Tr. p. 9. Although the purpose of this referral was labeled as "sentencing" in Judge Surbeck's written order issued May 2, 2012, Appellant's App. p. 105, Rogers acknowledged it as "a jail time credit check" before Judge Davis on May 8, 2012. Sanctions Hearing Tr. p. 3. It is of no consequence that Judge Davis allowed argument on Rogers's probation revocation at the sanctions hearing or that Judge Davis manifested discretion in the court's decision to revoke. By that time, Rogers's probation had already been revoked by Judge Surbeck, and all that remained for Judge Davis to do was to calculate Rogers's credit time and sentence him accordingly. For these purposes, it was not necessary that Judge Davis hear the evidence presented at Rogers's revocation hearing, and therefore, T.R. 63 was not implicated. *See* T.R. 63(A) (requiring that a judge who hears evidence make all decisions "relating to the evidence").

In summary, we conclude that Rogers was not denied the limited due process afforded to probationers in revocation proceedings, and we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

11

NAJAM, J., and FRIEDLANDER, J., concur.