## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 20 2015, 8:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

David M. Payne
Ryan & Payne
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tyler Michael Cottrell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 20, 2015

Court of Appeals Case No. 27A02-1409-CR-681

Appeal from the Grant Superior Court

The Honorable Jeffrey D. Todd, Judge

Cause No. 27D01-1105-FB-93

## Mathias, Judge.

[1] Tyler Michael Cottrell's ("Cottrell") probation was revoked by the Grant Superior Court. Cottrell appeals and argues that the evidence was insufficient to prove that he violated the terms of his probation and that the trial court abused

its discretion when it ordered him to serve three years of his previously suspended sentence.

## Facts and Procedural History

[2] On March 5, 2012, Cottrell pleaded guilty in Grant Superior Court to Class B felony burglary resulting in bodily injury and Class A misdemeanor resisting law enforcement. Cottrell was ordered to serve an aggregate sentence of twelve years. The trial court ordered seven years executed in the Department of Correction and five years suspended to formal probation.

[3] On May 28, 2014, Cottrell completed the executed portion of his sentence, and he was released to formal probation. As a condition of his probation, Cottrell was required to participate in and successfully complete the Grant County Reentry program.

[4] Cottrell failed to successfully complete the reentry program, and his participation was terminated. Specifically, June 4 and 9, 2014, Cottrell failed to attend appointments scheduled with his probation officer, and on June 10, 2014, he was not present for a curfew check. Appellant's App. p. 64. Cottrell's last contact with the Reentry Court Staff was June 2, 2014. *Id*.

[5] On August 18, 2014, the State filed a petition requesting revocation of Cottrell's probation because he violated the terms of his probation and was terminated from the reentry program. A hearing was held, and Cottrell admitted that he missed appointments with his probation officer. He also stated that he began

using the prescription drug Lortab[1] without a valid prescription shortly after he was released from prison.

[6] On September 15, 2015, the trial court issued an order revoking Cottrell's probation. The court ordered Cottrell to serve three years of his previously suspended five-year sentence. The trial court ordered Cottrell returned to formal, supervised probation for two years after serving his executed sentence. Cottrell now appeals.

## Standard of Review

[7] We review a trial court's probation violation adjudication using an abuse of discretion standard. *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or where the trial court misinterprets the law. *Id*. In determining whether a trial court has abused its discretion, we neither reweigh evidence nor judge witness credibility. *Mogg v. State*, 918 N.E.2d 750, 755 (Ind. Ct. App. 2009). Instead, we consider conflicting evidence in the light most favorable to the trial court's ruling. *Id*. Because a probation-revocation proceeding is civil in nature, the State need only prove the alleged probation violation by a preponderance of the evidence. *Holmes v. State*, 923 N.E.2d 479, 485 (Ind. Ct. App. 2010).

---

[1] Lortab is a brand name for a combination of acetaminophen and hydrocodone. *See Wells v. State*, 904 N.E.2d 265, 272 n. 3 (Ind. Ct. App. 2009), *trans. denied*; *see also* http:// www.drugs.com/lortab.html (last visited on May 4, 2015).

# I. Sufficient Evidence to Support the Probation Revocation

[8] First, Cottrell argues that the State failed to prove that he violated the terms of his probation. To determine whether sufficient evidence supports a probation revocation, we use the same standard of review as with any other sufficiency matter. *Martin v. State*, 813 N.E.2d 388, 389 (Ind. Ct. App. 2004). We will consider only the evidence most favorable to the State, along with the reasonable inferences to be drawn therefrom. *Id.*

[9] Cottrell's probation officer characterized Cottrell's actions as absconding, a term the trial court adopted in its order revoking Cottrell's probation. *See* Appellant's App. p. 71. Specifically, Cottrell's probation officer and case manager for the reentry program testified that Cottrell "failed to have any contact with" him "or any other member of the Reentry Court Staff for an extended period of time." Tr. p. 11. The probation officer then characterized Cottrell's conduct as absconding from the Reentry Court.

[10] Citing to dictionaries defining the term "abscond," Cottrell claims that his failure to report "does not necessarily rise to the level of having departed secretly or suddenly or an attempt to conceal himself." *Id.* The probation officer's use of the term "abscond" does not negate the fact that Cottrell failed to report and participate in the reentry program, which resulted in his termination from the program. Completion of the reentry program was a special condition of Cottrell's probation.

[11] The trial court also found that Cottrel violated rule number two of the conditions of his probation, which required him to report to his probation officer as directed. Cottrell admitted to this violation. *See* Appellant's Br. at 11.

[12] Under these facts and circumstances, we conclude that the State proved by a preponderance of the evidence that Cottrell violated the terms of his probation.

## II. Sentencing

[13] Probation serves as an alternative to incarceration and is granted at the sole discretion of the trial court. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). If the trial court finds that an individual has violated a condition of probation, the court is empowered to "[o]rder execution of all or part of the sentence that was suspended at the time of the initial sentencing." I.C. § 35-38-2-3(h). Importantly, "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188.

[14] Cottrell lists several reasons in support of his argument that "something short of a three-year sentence should have been imposed." Appellant's Br. at 14. Cottrell cites his age (twenty-one-years-old), that other treatment options were available, this was his first probation violation, in the past he successfully completed and graduated from a therapeutic community, his home life is not stable, he acknowledged that he "messed up," and he wants to obtain a job. Cottrell also

acknowledges his history of substance abuse and cites his testimony that he needs "help in outpatient services to beat" his drug and alcohol use. Tr. p. 23.

[15] The trial court considered Cottrell's arguments during the revocation hearing before ordering him to serve three years of his previously suspended sentence. The State established that Cottrell made little or no attempt to comply with the conditions of his placement in the reentry program and supervised probation. Because probation is a matter of grace, the individual who benefits from this grace is expected to strictly comply with the conditions of probation. *See Woods v. State*, 892 N.E.2d 637, 641 (Ind. 2008).

[16] It was well within the trial court's discretion to reject Cottrell's request for leniency in light of Cottrell's disregard for the grace afforded him. We therefore conclude that the trial court did not abuse its discretion when it revoked Cottrell's probation and ordered him to serve three of the previously suspended five years in the Department of Correction.

[17] Affirmed.

May, J., and Robb, J., concur.