## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 21 2020, 9:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerry Lee Jones, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff,* | October 21, 2020 <br><br> Court of Appeals Case No. 20A-CR-705 <br><br> Appeal from the Decatur Superior Court <br><br> The Honorable Matthew D. Bailey, Judge <br><br> Trial Court Cause No. 16D01-1810-F5-1373 |

**Robb, Judge.**

# Case Summary and Issues

[1] Jerry Jones appeals the trial court's partial revocation of his previously suspended sentence upon finding he had violated his probation, raising two issues for our review: whether the State proved he had violated a condition of his probation and whether the trial court abused its discretion in the sanction it imposed upon finding a violation. Concluding the State proved the violation by sufficient evidence and the trial court did not abuse its discretion in the sanction it imposed for the violation, we affirm.

# Facts and Procedural History

[2] In August 2019, Jones pleaded guilty to fraud on a financial institution, a Level 5 felony, and in October, was sentenced to three years, with 240 days to be executed and 855 days suspended to probation, with 360 of those probationary days subject to home detention. Jones began his probation on November 18, 2019. Conditions of his probation and community corrections placement included that he "not commit any criminal act or violate any traffic law[,]" not "possess or consume alcohol[,]" and that he "maintain the monitoring equipment in good condition." Appellant's Appendix, Volume 2 at 52-54.

[3] On November 26, 2019, the probation department filed a petition for revocation of probation, alleging Jones violated the conditions of his probation by:

> failing a [portable breathalyzer] test for .35% [blood alcohol level]. Mr. Jones allowed his ankle monitor to shut down on 4 different days. Mr. Jones no showed his appointment with

Home Detention on 11/25/19. He was found by Case Manager Barkdull and Case Manager Adkins wa[l]king down Lincoln Street. On 11/26/19, at 12:43AM, a low battery alert was triggered for Mr. Jones. At 3:17AM, [the GPS manufacturer] was unable to connect to Mr. Jones['] ankle monitor due to insufficient charging. When this Probation Officer was given the Incident Report, Mr. Jones' ankle monitor was not showing a location.

*Id*. at 55. A supplemental petition for revocation was filed on December 3, 2019 alleging Jones had violated the conditions of his probation by being charged with public nudity, a Class C misdemeanor. The trial court held a hearing on February 20, 2020, and after hearing testimony from Jones' probation officer, his community corrections supervisor, the police officer who arrested Jones for public nudity, and Jones himself, the trial court found:

Jones did, in fact, commit the offense of public nudity. Based on that finding to be in violation of conditions of probation by committing a new offense. Also find he committed a technical violation of drinking alcohol while on probation. Also find the technical violation of failing to maintain the charge in his monitoring unit . . . .

Based on those things, find Mr. Jones to be in violation of the conditions of his probation.

Transcript, Volume 2 at 29. The trial court noted that "the most basic condition of probation is not to commit a new criminal offense, . . . [a]nd so that is also in my view the most serious violation[.]" *Id.* at 30. The trial court ordered 720 days of Jones' previously suspended sentence revoked, to be served

as an executed sentence in the Indiana Department of Correction ("DOC"), with probation to be terminated as unsuccessful. Jones now appeals.

# Discussion and Decision

## I. Standard of Review

[4] Probation revocation is a two-step process: first, the trial court determines whether a violation has occurred and second, the court determines whether the violation warrants revocation. *Overstreet v. State*, 136 N.E.3d 260, 263 (Ind. Ct. App. 2019), *trans. denied*. Upon revoking probation, the trial court may impose one of several sanctions provided by statute. Ind. Code § 35-38-2-3(h). We review a trial court's revocation and sanction decisions for an abuse of discretion. *Overstreet*, 136 N.E.3d at 263. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*.

## II. Proof of Violation

[5] On appeal of a probation revocation decision, we consider only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witnesses. *Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014). If substantial evidence of probative value supports the trial court's decision that a defendant has violated any terms of probation, we will affirm its decision to revoke probation. *Id.*

[6] Jones contends the State failed to prove he had violated the condition of his probation that he not commit any criminal act. "When a probationer is accused of committing a criminal offense, an arrest alone does not warrant the revocation of probation." *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014) (quotation omitted). Likewise, the mere filing of a criminal charge against a defendant does not warrant the revocation of probation. *Martin v. State*, 813 N.E.2d 388, 391 (Ind. Ct. App. 2004). Instead, the State must prove the elements of the criminal offense by a preponderance of the evidence. *Heaton v. State*, 984 N.E.2d 614, 617 (Ind. 2013); Ind. Code § 35-38-2-3(f). "Preponderance of the evidence" "simply means the greater weight of the evidence." *Kishpaugh v. Odegard*, 17 N.E.3d 363, 373 (Ind. Ct. App. 2014) (quotation omitted).

[7] The notice of probation revocation alleged Jones had committed the new criminal offense of public nudity. A person commits Class C misdemeanor public nudity by "knowingly or intentionally appear[ing] in a public place in a state of nudity[.]" Ind. Code § 35-45-4-1.5(b). "[N]udity" means "the showing of the human male . . . genitals, pubic area, or buttocks with less than a fully opaque covering[.]" Ind. Code § 35-45-4-1(d). Jones concedes the State proved that he was in a public place and that his genitals were exposed. Appellant's Brief at 10. Jones argues only that the State failed to prove he knowingly or intentionally exposed himself because he explained at the revocation hearing that he was "having trouble keeping his multi-layered, baggy, thin clothing from falling on the windy day [and] that [his] mental health impaired his

thinking." *Id.* He contends the exposure was "inadvertent." Tr., Vol. 2 at 28. This argument, however, asks that we reweigh the evidence in his favor, which we cannot do. *Murdock*, 10 N.E.3d at 1267.

[8] Lieutenant Joe Radcliff testified that he had encountered Jones in the morning on November 27, 2019, and Jones "had his pants up without having any issues, same weather conditions." Tr., Vol. 2 at 21. Within an hour of this encounter, Lieutenant Radcliff received a dispatch report "of a male matching a description of Mr. Jones who I spoke with earlier at a gas station, same clothing description with his genitals exposed to passersby, motorists, citizens in the area of Main Street." *Id.* at 16. When Lieutenant Radcliff located Jones, he observed Jones' exposed penis. Lieutenant Radcliff testified that Jones was facing the roadway so passersby could see his exposed genitals, but when Jones saw him, he started to walk away and began to pull his pants up. The encounter was captured on Lieutenant Radcliff's body camera and shown to the trial court. A person acts "knowingly" if, when he engages in the conduct, "he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). Lieutenant Radcliff's testimony—which the trial court specifically noted that it found credible, *see* Tr., Vol. 2 at 28—that Jones was on a public street exposing his penis and that he turned away and began pulling up his pants when he saw Lieutenant Radcliff approach is sufficient to prove by a preponderance of the evidence that Jones knowingly appeared in a public place in a state of nudity.

# III. Sanction

[9] Jones also contends the sanction the trial court imposed was an abuse of discretion because it was the "result of technical violation[s] and in light of Jones' limitations due to homelessness and mental illness." Appellant's Br. at 11. The trial court found the commission of a new criminal offense to be the most serious violation, but also found that the State had proved he consumed alcohol[1] and failed to maintain his electronic monitoring device in working condition.

[10] Jones' argument is premised on his success in his first argument – that there was insufficient evidence that he committed a new offense. *See id.* at 13-14 (arguing that "[i]n light of the State's failure to prove by a preponderance of the evidence that Jones intended to show his genitals," the "purely technical nature" of his remaining violations do not warrant a sanction "in excess of eighty percent (80%) of his suspended time"). It is true, as Jones argues, that we have previously found an abuse of discretion when a trial court revokes the entirety of a suspended sentence for technical violations. *See, e.g.*, *Johnson v. State*, 62 N.E.3d 1224, 1231 (Ind. Ct. App. 2016) (holding it was an abuse of discretion to order the defendant to serve the entirety of his suspended sentence in the DOC given, among other things, the nature of his violations). However, Jones did not commit mere technical violations. As we determined above, the State

---

[1] Jones admitted to this violation. *See* Tr., Vol. 2 at 27.

*did* prove by a preponderance of the evidence that Jones had committed a new criminal offense, and therefore, his violations were not merely technical violations and his proportionality argument is inapposite.

[11] Probation is a matter of grace and a conditional liberty that is a favor, not a right. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Indiana Code section 35-38-2-3(h) offers the trial court the following options when it finds a defendant has violated the terms of his probation: (1) "[c]ontinue the person on probation, with or without modifying or enlarging the conditions[,]" (2) "[e]xtend the person's probationary period for not more than one (1) year beyond the original probationary period[,]" or (3) "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Thus, a trial court has great latitude to fashion the terms of a probation violation sanction.

[12] Here, less than two weeks after being placed on probation, Jones had consumed alcohol, his electronic monitoring unit shut down at least four times, he missed an appointment with his supervisor, and he committed a new offense by exposing himself on the street. The trial court was well within its discretion to determine that Jones had abused the grace previously offered to him and to

revoke a substantial portion of his previously suspended sentence.[2] *See Terpstra v. State*, 138 N.E.3d 278, 289-90 (Ind. Ct. App. 2019) (affirming trial court's imposition of entire previously suspended sentence because defendant's commission of a new offense less than a year after being placed on probation was not a mere technical violation of the terms of probation), *trans. denied*.

# Conclusion

[13] The State met its burden of proving by a preponderance of the evidence that Jones had violated his probation and the terms of his community corrections placement by committing a new criminal offense and the trial court therefore did not abuse its discretion in revoking his probation or in imposing a sanction for the violation. Accordingly, the judgment of the trial court is affirmed.

[14] Affirmed.

Crone, J., and Brown, J., concur.

---

[2] We do acknowledge that the fact Jones was homeless and living in a shelter probably contributed to his failure to keep his electronic monitoring device charged and made home detention a dubious choice in the first place. However, the trial court did not revoke Jones' probation and impose a sanction primarily because of that violation. Moreover, his mental health issues may have contributed to his behavior. Nonetheless, the State did prove a violation and it is possible that the DOC, a significant provider of mental health services, is the best place for Jones to be.